# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EDWIN KERRY SMITH,<br><br>Defendant. | Criminal Action No. TDC-21-0072 |

## MEMORANDUM ORDER

Defendant Edwin Kerry Smith, a federal prisoner at the Federal Correctional Institution Cumberland ("FCI-Cumberland") in Cumberland, Maryland, has filed a Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 63. In his Motion, Smith seeks release based on the COVID-19 pandemic, post-sentence rehabilitation, and the new policy statement relating to compassionate release motions, United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines") § 1B1.13.

On November 18, 2021, Smith pleaded guilty to possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1). On March 18, 2022, the Court sentenced Smith to a term of imprisonment of 96 months, to be followed by five years of supervised release. In light of credit for pretrial detention and projected good time credits, Smith is currently scheduled to be released on January 3, 2028.

Upon receiving the Motion, the Court forwarded it to the Office of the Federal Defender for the District of Maryland ("OFD") and requested notification of whether the OFD would seek to enter an appearance on behalf of Mason and submit additional briefing. The OFD declined to enter an appearance on behalf of Smith.

## DISCUSSION

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c) (2018). This general rule is subject to certain exceptions, including the compassionate release provision, which allows the Bureau of Prisons ("BOP") to seek a modification of a prisoner's sentence. *See id.* § 3582(c)(1)(A). Under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), the compassionate release provision was modified to also allow prisoners to seek a sentencing reduction directly from the Court. The provision now provides, in relevant part, that:

> The court may not modify a term of imprisonment once it has been imposed except that:
>
> (1) in any case—
>
>     (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>         (i) extraordinary and compelling reasons warrant such a reduction;
>
>         \* \* \*
>
>     and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). Smith has made a request for compassionate release to the Warden of the prison in which he was incarcerated, and the Warden denied the request, so Smith has exhausted administrative remedies.

I.      **Extraordinary and Compelling Reasons**

Smith, who is now 45 years old, argues that the COVID-19 pandemic, his post-sentence rehabilitation, and the new policy statement to the Guidelines present extraordinary and compelling reasons warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A)(i). Prior to that policy statement, a district court could consider any reason it deemed to be an extraordinary and compelling reason, so this Court has considered the proffered reasons without considering any categorical restrictions on what reasons could meet this standard. *See United States v. McCoy*, 981 F.3d 271, 276 (4th Cir. 2020). The Court has also considered the proffered reasons in light of the new policy statement that became effective on November 1, 2023, which provides more specific guidance on what constitutes extraordinary and compelling reasons but, as a result, actually narrows the range of reasons that may be considered. *See* U.S.S.G. § 1B1.13 (2023); 18 U.S.C. § 3582(c)(1)(A) (requiring that a sentence reduction be consistent with "applicable policy statements issued by the Sentencing Commission"). Under either analysis, Smith has not established the required extraordinary and compelling reasons.

Generally, at the height of the COVID-19 pandemic, the Court found that extraordinary and compelling reasons existed when an inmate had a condition that placed the inmate at high risk for severe illness from COVID-19, and the inmate was incarcerated within a prison in which there was an imminent risk of contracting COVID-19. Under the new policy statement, extraordinary and compelling reasons can exist if the defendant is at imminent risk of being affected by an ongoing outbreak of an infectious disease, has health risk factors that place the defendant at increased risk of death or severe complications from the disease, and the risk cannot be adequately mitigated. U.S.S.G. § 1B1.13(b)(1)(D). Here, Smith asserts that his high-risk medical condition consists of Crohn's disease. The United States Centers for Disease Control and Prevention has

3

not specifically identified Crohn's disease as a high-risk condition. Even to the extent that it can be construed as a high-risk condition, the Court finds that under the present circumstances applicable to Smith, it does not establish extraordinary and compelling reasons. Since the COVID-19 vaccine became available in 2021, and with the present, widespread availability of the COVID-19 vaccine, the risk to inmates has been reduced significantly since the height of the pandemic. Moreover, Smith has not provided evidence that his condition is so severe that the risk cannot be adequately mitigated under the present circumstances relating to COVID-19. Relatedly, to the extent that Smith argues that his Crohn's disease presents an extraordinary and compelling reason warranting compassionate release separate and apart from COVID-19, that argument also fails because he has not demonstrated that his case is one for which he is not receiving medical care without which he faces a risk of death or serious deterioration. *See* U.S.S.G. § 1B1.13(b)(1)(C).

Likewise, the conditions of confinement described by Smith, though more limiting than prior to the COVID-19 pandemic, are not so severe as to provide an extraordinary and compelling reason warranting early release. Indeed, though not dispositive on this issue, see U.S.S.G. § 1B1.13(e), where Smith was sentenced in March 2022 and had previously been held in pretrial detention dating back to March 2021, the fact that the pandemic has resulted in more restrictive conditions of confinement was known to the Court and factored into the original sentence. Smith's reference in a supplemental filing to an outbreak of Legionnaire's disease at FCI-Cumberland, ECF No. 66, also does not meet this standard, particularly where Smith has not shown that he has health risk factors that place him at increased risk of death or severe complications from the disease, and that the risk cannot be adequately mitigated. U.S.S.G. § 1B1.13(b)(1)(D).

Finally, Smith's post-offense rehabilitation as described in the Motion, while admirable and subject to consideration under U.S.S.G. § 1B1.13(d), does not rise to the level of extraordinary and compelling reasons.

The Court therefore finds that Smith has not demonstrated extraordinary and compelling reasons warranting a sentence reduction or compassionate release.

## II.     18 U.S.C. § 3553(a)

Even if the Court were to find extraordinary and compelling reasons, before granting a sentence reduction, the Court must also consider the factors in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). Here, the nature and circumstances of this offense were particularly serious in that Smith's drug trafficking activities resulted in the death of customer who died by overdose. Smith's history and characteristics include a drug trafficking conviction involving heroin and a conviction for unlawful firearm possession. As a result, Guidelines range at sentencing was 360 months to life imprisonment. Where the crime of conviction resulted in the death of a person, and the actual sentence of 96 months was the result of a substantial downward variance, the Court finds that a further reduction at this point, even considering the circumstances relating to COVID-19, Smith's medical condition, and the post-sentence rehabilitation described in the Motion, would result in a sentence that is insufficient to reflect the seriousness of the offense, promote respect for the law, provide just punishment, provide adequate deterrence, and protect the public from further crimes. 18 U.S.C. § 3553(a). In particular, releasing Smith at this point, when he has served only 32 months on the sentence, or one-third of the sentence, would be incompatible with these factors. The Court therefore finds that even if Smith could be deemed to have identified extraordinary and compelling reasons, the Court would still deny the Motion based on the § 3553(a) factors.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Smith's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 63, is DENIED.

Date: November 30, 2023

THEODORE D. CHUANG
United States District Judge